(58 Misc. Rep. 115.)

### In re BERNSTEIN'S ESTATE.

(Surrogate's Court, Kings County.   February, 1908.)

1. EXECUTORS AND ADMINISTRATORS—FORECLOSURE—DISTRIBUTION OF SURPLUS.
   A creditor's petition in a Surrogate's Court for distribution of surplus money on foreclosure under Code Civ. Proc. § 2799, filed after three years from the grant of administration, will lie, though the statute requires petitions for disposition of the real property of decedent and for the payment of debts to be made within that period.

2. SUBROGATION—PERSONS MAKING VOLUNTARY PAYMENTS.
   Where an administrator paid out of his own money interest on mortgages and taxes on the property of his intestate, he is not subrogated to the rights of the persons to whom the payments are made, but stands in the position of one who has voluntarily made such payments.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Subrogation, §§ 32, 67.]

In the matter of the estate of Louis Bernstein.  Proceeding for distribution of surplus on foreclosure of the mortgage.  Decree for distribution entered.

Ira Leo Bamberger and Sidney V. Lowenthal, for petitioner.
Hugo Wintner, for general guardians.
Maurice Marks, special guardian.

KETCHAM, S.  This is a proceeding under section 2799 of the Code for the distribution of the surplus arising upon a sale in fore-closure of a mortgage, which was a lien upon decedent's lands in his lifetime.  The surplus has been deposited in the Surrogate's Court. The lands descended in the absence of a will, and the personal estate is insufficient to pay debts.

Objection is made on behalf of the infant heirs that a creditor's petition for the disposition of the surplus cannot be entertained unless filed within three years after the grant of letters.  True, the petition for the sale of actual lands of the decedent must be filed within three years after the first issue of letters, but the theory that the rights of creditors as to the proceeds of foreclosure depend upon the same statutory condition as is imposed in the case of an application for the sale of the real estate itself is contrary to the expression of the statute. Code Civ. Proc. §§ 2798, 2799;  Matter of Callaghan's Estate, 69 Hun, 164, 23 N. Y. Supp. 378.  Claims of creditors are allowed as follows, with interest according to the fact: Robert Plaut, deficiency on the foreclosure of the chattel mortgage, including expenses of foreclosure and premiums on fire insurance policies, $1,320.45;  S. & H. Plaut, as assignees of the claim of Volkommer, $109.25;  S. & H. Plaut, as assignees of the claim of Conklin, $497.70.  The claim of the petitioner, who being the administrator of the estate has paid out of his own funds interest on mortgages upon the premises which were the subject of foreclosure, installments of the principal of one of such mortgages, and taxes on the same premises, is disallowed.

It is unnecessary to determine whether these mortgages and taxes were debts of the decedent.  In any event, upon his death they became primarily a burden upon the land, to be discharged by the heirs, and

between the heirs and the estate the latter was only secondarily, if at all, liable for their payment. The petitioner discharged these liens not in pursuance of any duty which he owed as administrator, and therefore cannot claim for advances of his own moneys in behalf of the estate in his charge. He did not take assignments of the claims. He had no such concern in the lands or the incumbrances thereon that a subrogation to the rights of the persons to whom he paid would result from his payment. His position gains nothing from the fact that he was administrator, and cannot, in any view applicable to the facts, differ from that of a stranger who has voluntarily paid off incumbrances upon lands of which the intestate died seised.

There should be a decree for the distribution of the surplus accordingly. Decreed accordingly.